UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alcides Agustin Monge, | ) C/A No. 4:14-1250-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| Lexington County Jail Medical; | ) |
| Dr. William Miles, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed pro se by a prison inmate.  Pursuant to 28 U.S.C. §636(b)(1), and

District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to

review all pretrial matters in such pro se cases and to submit findings and recommendations to the

District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts

should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Alcides Agustin Monge ("Plaintiff") is currently incarcerated at a detention center in

Houston, Texas.  He alleges that while he was housed at the Lexington County Jail, he was refused

his medications for his epileptic seizure disorder.  He names Dr. William Miles, M.D., and

Lexington County Jail Medical as Defendants, and seeks compensatory damages.  In a

separately-filed order, the undersigned is authorizing service of process upon the physician. See

generally, Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir.1990) ("The Fourteenth Amendment right of

pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government

1

officials not be deliberately indifferent to any serious medical needs of the detainee.").

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. De'Lonta v. Angelone, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

A claim for relief under 43 U.S.C. § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the

[United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 690 & n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir.1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D.Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301(E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726, 2008 WL 2564779 (E.D.Va. June 25, 2008); Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D.Conn. Feb.09, 2000); Ferguson v. Morgan, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). Plaintiff's Complaint, insofar as it names "Lexington County Jail Medical" (presumably staff) as a Defendant in this case, does not name a "person" allegedly acting "under color of state law," who is subject to a § 1983 claim. "Lexington County Jail Medical" is not a proper defendant on whom the United States Marshals Service could effect service of process, and against whom relief

could be granted by this Court. Accordingly, the Complaint against "Lexington County Jail Medical" should be dismissed, without prejudice and without issuance and service of process. See generally, Johnson v. Nelson, 2008 U.S. Dist. LEXIS 39830, 2008 WL 2123756 (M.D.Ga., May 16, 2008) ("Plaintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action. Therefore, the Undersigned RECOMMENDS that the Autry State Medical Staff Provider be dismissed from this action.").

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case *without prejudice*. See Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). As noted above, it is recommended that Defendant Lexington County Jail Medical be summarily dismissed without issuance and service of process. By separately-filed order, the undersigned is authorizing service of process upon Defendant Dr. William Miles to answer or otherwise plead.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 28, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).