UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alcides Agustin Alvarez Monge, ) | C/A No. 4:14-1250-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Dr. William Miles, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PROCEDURAL BACKGROUND**

The Plaintiff filed this action under 42 U.S.C. § 1983[1] on April 8, 2014, alleging violations of his constitutional rights. Plaintiff is currently incarcerated at Houston Processing Center. At all times relevant to the allegations in the complaint, Plaintiff was housed at the Lexington County Detention Center ("LCDC"). Defendant filed a motion for summary judgment along with a memorandum, affidavit, and exhibits in support of said motion. (Document #42). Because Plaintiff is proceeding pro se, he was advised on or about January 27, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendant's motion for summary judgment could result in the dismissal of his complaint. Plaintiff filed a response on February 13, 2015 (doc. #46) and Defendant filed a reply (doc. #52).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## DISCUSSION

## ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that Defendant violated his constitutional rights when he refused to provide treatment for a seizure disorder while he was housed at the LCDC. Plaintiff asserts that he arrived at the LCDC on October 10, 2013, in a wheelchair and that he brought his medications for his seizure disorder and pain with him to the LCDC. However, Plaintiff alleges that Defendant Dr. Miles and the medical staff refused to give him his medications for at least sixty days while Plaintiff had three seizures. Plaintiff contends that the three seizures were not reported on his medical record. Plaintiff asserts that he was placed on seizure medication around November 20-30 and alleges as follows, quoted verbatim:

> . . . between Nov And the end of Dec. DR. Miles began to see that I was in desprit need of attention for my condition. So he begain to give me adivan finally in the months of January DR. WILLIAM Miles put me on Tylenol 3 Adavan and some seizer medications. I feel that the medical staff and DR. Miles had plenty of knowlege and understanding of my condition But perpously did not give me adequate medical care, it is not the month of March and I have no feeling in my legs or feet. If feel that he lack of medical attention has caused me prolonged pain and suffering.
>
> My claim is under the federal Tort claims Act statue such as the Americans with Disabilities Act and the U.S. Constitution medical malpractice Eight Amendment violation, I am claiming nominal damages as well as compensatory dollars compensation for these Rights being violated. $300,000.00

(Complaint, errors in original).[2]

---

[2] It is noted that the Defendant is an independent contractor physician doing work for Correct Care Solutions who contracts with the LCDC to provide medical services (doc. #42, p. 2) and is not a federal government employee . See 28 U.S.C. § 2675. Additionally, under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986), which is cited in Kokotis v. United States Postal Service, 223 F.3d 275, 278 (4th Cir. 2000). Further, to the extent Plaintiff is attempting to bring a medical malpractice claim under diversity jurisdiction, the claim fails as he did not provide an affidavit of an expert witness prior to filing the action.

## **STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the

non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendant has pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis. Defendant submitted the affidavit of Melissa Lyons (Lyons) who attests that she is currently employed by the duly elected Sheriff of Lexington County, South Carolina and serves as the Prison Rape Elimination Act Coordinator, ICE Supervisor, and Grievance Manager for the Lexington County Detention Center. (Lyons' affidavit, doc. #42-2). As the Grievance Manager, Lyons was asked to review the grievance records for any grievances that may have been filed by former detainee Alcides Agustin Alvarez Monge. (Id.). After a thorough search of the grievance records, Lyons was unable to locate any

4

grievances that were filed by Plaintiff. (Id.). The LCDC has an established detainee grievance procedure which allows the detainees to file grievances related to the conditions of their detainment and all detainees have access to the grievance procedure. (Id.). Detainees must file a grievance within three (3) days after a potentially grievable event has occurred, the Bureau Commander and/or his designee then has ten (10) days to provide a written response to the inmate's grievance. (Id.). If an inmate is not satisfied with the response he or she receives from the Bureau commander's and/or the Assistant Bureau Commander, the inmate may file a written appeal to the Chief Deputy/Assistant Sheriff within forth-eight (48) hours of the receipt of the response to the inmate's grievance. (Id.). All responses made by the Chief Deputy/Assistant Sheriff in an appeal are considered final. (Id.). Copies of all appeals and responses are electronically stored and maintained for a period of three (3) years. (Id.). Lyons attests that she has been unable to find any grievances filed by Detainee Monge during his period of incarceration at the LCDC between October 2013 and February 2014, and he did not exhaust the administrative remedies available to him. (Id.).

In his response in opposition to summary judgment, Plaintiff pointed to an error in Lyons' affidavit in which she referred to another inmate as opposed to Plaintiff. He further attached approximately eight pages of documents which he alleges are grievances filed with the LCDC. Defendant submitted the supplemental affidavit of Lyons who attests that her previous affidavit had "a typographical error on number eight (8) instead of referring to Mr. Jenkins it should have referred to Mr. Monge." (Lyons' supplemental affidavit, doc. #52-1). Further, Lyons attests that the forms submitted by the Plaintiff with his response are actually Inmate Request Forms, none of which in any way relate to the denial of medical care and treatment. (Id.). In the supplemental affidavit, Lyons addressed each of the Inmate Request Forms that Plaintiff submitted to the court and found that they

5

were not submitted to her as a grievance and/or did not raise issues of medical care. (Id.). She further states as to an Inmate Request form submitted by the Plaintiff that "[w]hile the 'Grievance" box appears to be checked on the copy Mr. Monge provided to the court, however, you will notice that the inmate request form that I received, responded to and scanned into my electronic file does not have the 'Grievance' box checked." (Lyons supplemental affidavit, ¶ 6).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).  Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001);  *see* Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir.  2001)(exhaustion required even though Plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed

6

by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Plaintiff has failed to show that he exhausted the administrative remedies available to him at the LCDC. Plaintiff attached copies of Inmate request forms and, even if the grievance form box was checked at the time he submitted them, they do not pertain to the allegations raised in this complaint. Corbett v. Fleming, 2013 WL 4866502 (D.S.C. Sept. 11, 2013) (quoting Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir.2000) ("It is beyond the power of this court-or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (internal quotes omitted). The court in Pearson v. Stevenson, 2015 WL 733814 (D.S.C. Feb. 20, 2015), held the following:

> However, Plaintiff may not escape summary judgment by simply asserting that "yes I did" exhaust administrative remedies. *Cf.* Malik v. Sligh, No. 11–1064, 2012 WL 3834850, at *4 (D.S.C. Sept.4, 2012) (finding that Plaintiff's self-serving contention, in response to evidence to the contrary, that he did submit a grievance was "simply not enough to create a genuine dispute as to any material fact"); *see also* Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir.2000) (holding that a self-serving affidavit was insufficient to survive summary judgment); King v. Flinn & Dreffein Eng'g Co., No. 09–410, 2012 WL 3133677, at *10 (W.D.Va. July 30, 2012) (finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony" (citation omitted)); Drakeford v. Thompson, No. 092239, 2010 WL 4884897, at *3 (D.S.C. Nov.24, 2010)."

(Id. at *2).

Plaintiff has failed to show that he exhausted his administrative remedies with regard to the issues raised in this complaint. Accordingly, it is recommended that Defendant's motion for summary judgment be granted for failure to exhaust administrative remedies.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Defendant's Motion for Summary Judgment (document #42) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

                                            Respectfully submitted,

                                            s/Thomas E. Rogers, III

March 9, 2015                                   Thomas E. Rogers, III
Florence, South Carolina                  United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**